IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,  §
§
    Plaintiff,  §
§    Criminal No. 3:10-CR-159-D(01)
VS.  §
§
HUSSAIN KAMAL,  §
§
    Defendant.  §

MEMORANDUM OPINION
AND ORDER

Defendant Hussain Kamal ("Kamal") moves for relief from judgment under Fed. R. Civ. P. 60(d)(3). For the reasons that follow, the court construes the motion as an unauthorized successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and directs the clerk of court to proceed according to this memorandum opinon and order.

I

A jury found Kamal guilty of attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b), and traveling in interstate commerce for the purpose of engaging in illicit sexual acts with a person believed to be 14 years old, in violation of 18 U.S.C. § 2423(b) and (e). The court sentenced him to an aggregate term of 235 months' imprisonment, to be followed by a life term of supervised release. The United States Court of Appeals for the Fifth Circuit affirmed Kamal's conviction and sentence. *See United States v. Kamal*, 488 Fed. Appx. 871 (5th Cir. 2012) (per curiam).

The court denied Kamal's first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on the merits, and a judge of the Fifth Circuit denied a certificate of appealability. *See Kamal v. United States*, No. 14-10237 (5th Cir. Feb. 23, 2015) (per Elrod, J.). The Supreme Court denied Kamal's petition for a writ of certiorari. *See Kamal v. United States*, No. 15-5186 (Oct. 5, 2015).

Kamal later filed two post-judgment motions, one under Fed. R. Crim. P. 35 and the other under Fed. R. Civ. P. 60(b), in this criminal case. Because the post-judgment motions attacked Kamal's criminal judgment and sentence, the court construed them as successive § 2255 motions and transferred them to the Fifth Circuit. The Fifth Circuit dismissed the construed successive § 2255 motions for failure to comply with a notice it issued in each case. *See In re Kamal*, No. 15-10605 (5th Cir. Aug. 4, 2015); *In re Kamal*, No. 18-10968 (5th Cir. Oct. 17, 2018). The Fifth Circuit also dismissed as frivolous Kamal's appeal of this court's order transferring his Rule 35 post-judgment motion to the Fifth Circuit as a successive § 2255 motion. *See United States v. Kamal*, No. 15-10652 (5th Cir. Jan. 11, 2016) (per curiam).

On May 26, 2026 Kamal filed the instant motion under Fed. R. Civ. P. 60(d)(3). He maintains that "the government committed fraud on the court by concealing a material inducement witness, misrepresenting her involvement, and preventing [Kamal] from exercising his Sixth Amendment right to confrontation and his ability to present an entrapment defense." Mot. at 1.

II

Kamal expressly seeks relief under Rule 60(d)(3), which provides that Rule 60 does not limit a district court's power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). As the court has noted, Kamal contends that the government committed fraud on the court during the criminal proceedings in connection with an alleged concealed witness.

In the habeas context, a motion for relief from judgment that seeks to advance one or more substantive habeas claims, or that attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005). This is so even for motions seeking relief from judgment under Rule 60(d)(3), as here. *See United States v. Henry*, 2018 WL 11301136, at *1 (5th Cir. Aug. 6, 2018) (per Southwick, J.). A motion that challenges the failure to reach the merits of a habeas motion or challenges a defect in the integrity of the federal habeas proceeding is properly filed under Rule 60, provided that the challenge does not itself lead inextricably to a merits-based attack. *See Gonzalez*, 545 U.S. at 532 & nn. 4-5; *Rhodes v. Director, TDCJ-CID*, 2021 WL 4296409, at *3 (N.D. Tex. Aug. 12, 2021) (Horan, J.) ("*Gonzalez*'s reasoning applies with full force to Rule 60(d)(1) and (3) motions as well."), *rec. adopted*, 2021 WL 4295407 (N.D. Tex. Sept. 21, 2021) (Kinkeade, J.).

Despite Kamal's attempts to characterize his latest post-judgment motion as coming within the ambit of Rule 60(d)(3), his motion reframes prior arguments previously addressed and rejected by the court, raises new allegations challenging the validity of his conviction

and sentence based on alleged fraud during the criminal proceedings, and expressly seeks another review of the merits of his § 2255 claims.  The motion is ultimately a merits-based attack on Kamal's conviction and sentence and on this court's resolution on the merits of his first § 2255 motion.  His purported Rule 60(d)(3) motion thus constitutes a successive § 2255 motion in disguise, and Kamal cannot use it to bypass the limitations on second or successive habeas petitions imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See United States v. Vialva*, 904 F.3d 356, 360 (5th Cir. 2018)  (per curiam) ("[M]otions that 'in effect ask for a second chance to have the merits determined favorably' must be construed as successive habeas petitions regardless whether they are characterized as procedural attacks."); *Henry*, 2018 WL 11301136, at *1 ("[D]espite his characterization of his claim [under Rule 60(d)(3)], Henry's motion attacks the district court's resolution of his prior claim on the merits.").

AEDPA limits the circumstances under which a federal prisoner can file a second or successive § 2255 motion.  *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b).  The prisoner must show that the successive motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Whether he has made this showing must be determined by a three-judge panel of the appropriate court of appeals before the movant can proceed with his

motion in the district court.  *See id.*; 28 U.S.C. § 2244(b)(3).

The Fifth Circuit has not issued an order authorizing this court to consider Kamal's successive § 2255 motion.  This court therefore lacks jurisdiction to consider his unauthorized successive § 2255 motion. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).  Given Kamal's repeated post-judgment motions challenging his conviction and sentence, the court dismisses his unauthorized successive § 2255 motion without prejudice for want of jurisdiction, rather than transfer it to the Fifth Circuit.  *See id.*  The clerk of court is directed to open a new habeas corpus action under 28 U.S.C. § 2255 for statistical purposes, directly assign the new case to the same District Judge and Magistrate Judge as in this criminal case, and close the same on the basis of this memorandum opinion and order.

III

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability.  The court finds that Kamal has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

If Kamal files a notice of appeal,

( )      he may proceed *in forma pauperis* on appeal.

(**X**)      he must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

June 10, 2026.

 _____
SIDNEY A. FITZWATER
SENIOR JUDGE