IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:10-CR-159-D(01) |
| VS. | § | |
| | § | |
| HUSSAIN KAMAL, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In a letter to the court, defendant Hussain Kamal ("Kamal") requests that the court appoint counsel to assist him with his release from custody and supervised release arrangements. Treating the letter as a motion, the court denies it for the reasons explained below.

After a jury found Kamal guilty of attempted enticement of a minor and traveling in interstate commerce for the purpose of engaging in illicit sexual acts with a person believed to be fourteen years old, the court sentenced him to an aggregate term of 235 months' imprisonment, to be followed by a life term of supervised release. Available records indicate that Kamal has completed his federal custodial sentence, and, as of June 18, 2026, is no longer in the custody of the Bureau of Prisons ("BOP"). *See* BOP Inmate Locator, *available at*, https://www.bop.gov/inmateloc/ (last visited June 22, 2026).

Generally, "[n]o constitutional right to counsel exists in federal postconviction proceedings," and Kamal has not otherwise shown that the interest of justice warrants the

appointment of counsel to assist him through the supervised release process. *Urias v. Thaler*, 455 Fed. Appx. 522, 523 (5th Cir. Dec. 28, 2011) (per curiam) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).  As set out in the court's judgment, Kamal "must report to the probation office in the district to which [he] is released within 72 hours of release" from BOP custody.  ECF No. 44 at 3.

Accordingly, the court denies Kamal's letter motion for appointed counsel to assist him with his release from custody and supervised release arrangements.

**SO ORDERED**.

June 23, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE